# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACHELLE SILVA,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>LELAND SPENCER,<br><br>　　　　　　Defendant. | CASE NO. 08cv1686-H (LSP)<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT and DENYING MOTIONS TO APPOINT COUNSEL AND PROCEED IN FORMA PAUPERIS** |

On September 15, 2008, Plaintiff Machelle Silva, proceeding *pro se*, filed a Complaint against Defendant Leland Spencer. (Doc. No. 1.)[1] The Complaint alleged, "I, Machelle Silva am disabled and seeking treatment and medical." (Doc. No. 1.) Plaintiff also filed a motion for leave to proceed *in forma pauperis* and a motion to appoint counsel under 42 U.S.C. § 2000e-5(f)(1). (Doc. Nos. 2 and 3.) The Magistrate Judge filed a Report and Recommendation on October 9, 2008, recommending that this Court dismiss Plaintiff's Complaint. (Doc. No. 5.) Plaintiff filed no Objection to the Report and Recommendation.

For the reasons set forth below, the Court *sua sponte* DISMISSES Plaintiff's Complaint and DENIES Plaintiff's motions to proceed *in forma pauperis* and to appoint counsel.

---

[1] In a related case, Plaintiff filed a complaint against the Social Security Administration on August 4, 2008. See Silva v. Social Security Administration, case no. 08-CV-1408-H (LSP). Upon screening, Plaintiff's complaint against the Social Security Administration was dismissed without prejudice. (Case No. 08-CV-1408-H, Doc. No. 4.) Plaintiff was granted leave to amend, but the Court received no further submissions.

## I.     Sua Sponte Screening of an In Forma Pauperis Complaint.

Under 28 U.S.C. § 1915(e)(2)(i) and (ii), a district court shall *sua sponte* dismiss an *in forma pauperis* complaint if the complaint is frivolous, malicious, or fails to state a claim. The requirement to dismiss an *in forma pauperis* complaint that fails to state a claim is mandatory. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Moreover, a court's screening of an *in forma pauperis* complaint is not limited to prisoners. Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001).

A court must accept as true all allegations of material fact and must construe those facts most favorable to plaintiff when determining if a complaint states a claim. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). A complaint fails to state a claim if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see also Fed. R. Civ. P. 12(b). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Moreover, plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

After reviewing Plaintiff's Complaint, the Court concludes that Plaintiff fails to assert proper subject matter jurisdiction and fails to state a claim on which relief may be granted. Plaintiff's Complaint contains one sentence alleging that Plaintiff is disabled and seeking treatment. (Doc. No. 1.) The Complaint fails to meet Fed. R. Civ. P. 8(a) pleading standards, which requires a complaint to contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.

Plaintiff has not demonstrated that this Court has jurisdiction over the subject matter of the Complaint. See Fed. R. Civ. P. 8(a)(1). Plaintiff lists 42 U.S.C § 205 as grounds for the Complaint, but this section of the United States Code deals with the appointment of the United States Surgeon General and appears to have no relation to the sparse factual pleadings found

in the Complaint. (Doc. No. 1.) The Court concludes that, absent a showing of subject matter jurisdiction, the Complaint must be dismissed. See Fed. R. Civ. P. 12(b)(1).

Moreover, Plaintiff does not plead facts that raise any right to relief above a speculative level because Plaintiff makes only the conclusory allegation that Plaintiff is disabled and seeking treatment. Plaintiff fails to plead sufficient factual allegations that, if true, demonstrate the Defendant is plausibly liable. See Iqbal, 129 S. Ct. at 1949. Plaintiff therefore fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b).

Accordingly, the Court dismisses Plaintiff's Complaint. In addition, because the Complaint has been dismissed, Plaintiff's motion for leave to proceed *in forma pauperis* is denied as moot.

## II.     Motion to Appoint Counsel.

The Federal Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he or she loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Terrell, 935 F.2d at 1017 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff filed her motion to appoint counsel using a form motion intended for employment discrimination actions under the Civil Rights Act of 1964 and 42 U.S.C. § 2000e. (Doc. No. 3.) It is unclear whether Plaintiff alleges an unlawful employment practice, or whether such allegation was properly before the Equal Employment Opportunity Commission. Moreover, the Court is not persuaded under 28 U.S.C. § 1915(e)(1) that Plaintiff warrants appointment of counsel for exceptional circumstances. Finally, because the Complaint has been dismissed for failure to assert subject matter jurisdiction and for failure to state a claim,

1  Plaintiff's motion to appoint counsel is moot at this time.

2  Accordingly, the Court denies Plaintiff's motion to appoint counsel.

3  **Conclusion**

4  For the reasons stated above:

5  The Court DISMISSES Plaintiff's Complaint.  The Court also DENIES Plaintiff's
6  motion to proceed *in forma pauperis* and motion to appoint counsel.

7  IT IS SO ORDERED.

8  DATED: July 17, 2009

9  *[signature]*

10  **MARILYN L. HUFF, District Judge**

11  **UNITED STATES DISTRICT COURT**

12

13  COPIES TO:

14  All parties of record.